SCHWANEKAMP, APPELLANT, *v.* MODERN WOODMEN OF AMERICA, RESPONDENT.

(No. 3,057.)

(Submitted January 18, 1912.  Decided January 25, 1912.)

[120 Pac. 806.]

*Life Insurance—Fraternal Societies—Forfeitures—Intoxicating Liquors—Violation of By-laws—Effect—Validity of Provision—Pleading—Evidence—Admissions—Trial.*

Fraternal Life Insurance—Intoxicating Liquors—By-laws—Violation—Pleading.
    1.  In an action to recover on a certificate of insurance issued by a fraternal society, the by-laws of which prohibited a member from engaging in the sale of intoxicating liquor as a beverage, the allegation in the answer that the deceased had "engaged in the occupation of bartender in a saloon," *etc.,* was sufficient as against the objection that it did not show that insured had ever engaged in the sale of liquor.

Same—Contract—Restraint of Trade—Statutes.
    2.  *Held,* that a clause in the contract of insurance entered into between a member of a fraternal society and the association, that the certificate of insurance should be void if the insured engaged in the sale of intoxicating liquor in any capacity, is not violative of the provision of section 5057, Revised Codes, declaring that any contract by which one is restrained from exercising a lawful trade of any kind is void.

Same—By-laws—Self-executing.
    3.  Where the by-laws, rules and regulations of a fraternal benefit society so provide, the mere breach by the insured in engaging in a prohibited occupation forfeits his claim to benefits,—*i. e.,* the provision of forfeiture is self-executing.

Same—Proofs of Death—Evidence—Admissions.
    4.  The proofs of death made by plaintiff's beneficiary and put in evidence, showing that deceased had violated his contract of insur-

ance by engaging in a prohibited occupation, furnished *prima facie* evidence of that fact and were properly treated as an admission on the part of plaintiff.

Trial—Motion for Judgment—Effect.
    5. A motion for judgment made by defendant at the close of plaintiff's case was equivalent to a submission of the case upon the evidence introduced by the latter, and it was immaterial by what name it was designated or whether any grounds were specified.

*Appeal from District Court, Silver Bow County; John B. Mc-Clernan, Judge.*

Action by Helen Schwanekamp against the Modern Woodmen of America. From a judgment for defendant and an order denying a motion for new trial, plaintiff appeals. Affirmed.

*Mr. John Lindsay,* and *Messrs. Baldwin & Baldwin,* submitted a brief in behalf of Appellant.

The provision of the contract upon which respondent relies to defeat appellant's claim is void. (Rev. Codes, sec. 5057.) If the contract is void to that extent, it is of the same legal effect as though such provision had been entirely omitted from its terms, and leaves the contract otherwise intact, to be enforced according to the intention of the parties, just the same as if the clause had been omitted. (*Deuninck* v. *West Gallatin Co.,* 28 Mont. 255, 72 Pac. 619; *Bennett Bros.* v. *Tam,* 24 Mont. 457, 62 Pac. 780, 782; *Wortman* v. *Mont. C. Ry. Co.,* 22 Mont. 266, 56 Pac. 316; *Carstens etc. Co.* v. *Southern Pac. Co.,* 58 Wash. 239, 109 Pac. 613, 614.) Respondent's contention is that this provision of the policy is legal under the laws of Michigan. There was no evidence offered as to what the law of Michigan was at any time. In the absence of evidence to the contrary, it is presumed that the law of a foreign state is the same as the law of the forum. (*Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192, 106 Pac. 715; *Hickman* v. *Alpaugh,* 21 Cal. 226; *Wagner* v. *Minnie etc. Co.,* 25 Okl. 558, 106 Pac. 969; *Colpe* v. *Lindblom,* 57 Wash. 106, 106 Pac. 634; *Norris* v. *Harris,* 15 Cal. 226, 254, 256; *Hill* v. *Gridley,* 32 Cal. 55; *Marsten* v. *Lash,* 61 Cal. 624; *McKnight* v. *Oregon Short Line Ry. Co.,* 33 Mont. 40, 82 Pac. 662.)

The provision relied on by respondent is in contravention of the statute of this state (Rev. Codes 1907, sec. 5057), and it will not be enforced even though the provision was valid where made.

The court will not enforce a provision of a contract valid where made which is in contravention of the statute of the state in which the action is brought. (*Feineman* v. *Sachs*, 33 Kan. 621, 52 Am. Rep. 547, 7 Pac. 222; *Lake Shore Co.* v. *Teeters*, 166 Ind. 335, 77 N. E. 599, 5 L. R. A., n. s., 425; *Corbin* v. *Houlehan*, 100 Me. 246, 61 Atl. 131, 70 L. R. A. 568; *Palmer* v. *Palmer*, 26 Utah, 31, 99 Am. St. Rep. 820, 72 Pac. 3, 61 L. R. A. 641; *Carstens etc. Co.* v. *Southern Pac. Co.*, 58 Wash. 239, 108 Pac. 613.)

Respondent seeks to avoid liability because of an alleged breach of a condition subsequent. (Rev. Codes, sec. 4902.) The condition involves a forfeiture, and must be strictly interpreted against the party for whose benefit it is created. (Sec. 4906.) The good standing of a member of a mutual or benefit society is presumed; and that he has been guilty of misconduct forfeiting his membership must be established by it. (7 Ency. of Ev., 526, and note 73; 6 Ency. of Ev., 521, and note 61; *Port etc. Co.* v. *Hartford Ins. Co.*, 50 Wash. 657, 97 Pac. 781.)

Respondent contented itself by offering in evidence the death proofs, and upon them rested its contention that there had been a forfeiture of benefits. No one testified that any statement contained in the death proofs was true. The verification of the death proofs is as follows: ''Affiant certifies and states that all of the above and foregoing answers and statements made or adopted by said affiant are full, true and correct, to the best of affiant's knowledge, information and belief.'' That such a verification is insufficient to justify the court in its action in sustaining the motion for nonsuit is settled beyond controversy. (Rev. Codes, secs. 7844, 7845, 7863, 7888, 7992; *Benepe-Owenhouse Co.* v. *Scheidegger*, 32 Mont. 424, 80 Pac. 1024; *Western Plumbing Co.* v. *Fried*, 33 Mont. 7, 114 Am. St. Rep. 799, 81 Pac. 394; *Shanholtzer* v. *Thompson*, 24 Okl. 198, 138 Am. St.

Rep. 877, 103 Pac. 595; *Gay* v. *Torrence,* 145 Cal. 144, 78 Pac. 540; *Eytinge* v. *Territory,* 12 Ariz. 131, 100 Pac. 443.)

*Messrs. Lewis A. Smith,* and *Benjamin D. Smith,* submitted a brief in behalf of Respondent; the former argued the cause orally.

That the provision of the policy in question here is valid, see the following cases: *Pauley* v. *M. W. of A.,* 113 Mo. App. 473, 87 S. W. 990; *Abell* v. *M. W. of A.,* 96 Minn. 494, 105 N. W. 65, 906; *Langnecker* v. *A. O. U. W.,* 111 Wis. 279, 87 Am. St. Rep. 860, 87 N. W. 293, 55 L. R. A. 185; *Moerschbaecher* v. *Supreme Council etc.,* 188 Ill. 9, 59 N. E. 17, 52 L. R. A. 281; *Hexom* v. *K. M. W.,* 140 Iowa, 41, 117 N. W. 19; *Loeffler* v. *M. W. of A.,* 100 Wis. 79, 75 N. W. 1012; *W. O. W.* v. *Woods,* 34 Colo. 1, 81 Pac. 261; *N. W. Mutual Life Co.* v. *Ammerman,* 119 Ill. 329, 59 Am. Rep. 799, 10 N. E. 225; *Ellerbe* v. *Faust,* 119 Mo. 653, 25 S. W. 390, 25 L. R. A. 149; *Norton* v. *Catholic Order etc.,* 138 Iowa, 464, 14 N. W. 893, 24 L. R. A., n. s., 1030; *Mazurkiewiecz* v. *St. A. Aid Society,* 127 Mich. 145, 86 N. W. 543, 54 L. R. A. 727; *Franta* v. *Bohemian Catholic etc.,* 164 Mo. 304, 86 Am. St. Rep. 611, 63 S. W. 1100, 54 L. R. A. 723; *Barry* v. *Catholic Knights,* 119 Wis. 362, 96 N. W. 797. And a false representation that applicant is not a bartender, but has a different occupation, avoids the contract, where the laws of the society exclude bartenders from membership. (*Holland* v. *Supreme Council,* 54 N. J. L. 490, 25 Atl. 367.) See, also, as to restriction upon membership: *Bretzlaff* v. *Evangelical Lutheran etc.,* 125 Mich. 39, 83 N. W. 1000; *Lavin* v. *Grand Lodge A. O. U. W.,* 104 Mo. App. 1, 78 S. W. 325; 28 Cyc., p. 28. There is a line of authorities holding a contract in restraint of the liquor business is not against public policy, but that, on the contrary, the liquor business being against public policy, any contract in restraint thereof is in line with public policy instead of against it. (*Harrison* v. *Lockhart,* 25 Ind. 112; *Watrous* v. *Allen,* 57 Mich. 362, 58 Am. Rep. 363, 24 N. W. 104.)

Proofs of death are admissible in evidence and are *prima facie* proof of the facts stated therein, against the beneficiary, the same being admissions by the beneficiary. (*Insurance Co.* v. *Newton,* 22 Wall. (U. S.) 32, 22 L. Ed. 793; *Home Benefit Assn.* v. *Sargent,* 142 U. S. 691, 12 Sup. Ct. 332, 35 L. Ed. 1160; *Grand Lodge* v. *Wieting,* 168 Ill. 408, 61 Am. St. Rep. 123, 48 N. E. 59; *Walther* v. *Mutual Ins. Co.,* 65 Cal. 417, 4 Pac. 413; *Modern Woodmen of America* v. *Van Wald,* 6 Kan. App. 231, 49 Pac. 782; *Beard* v. *Royal Neighbors of America,* 53 Or. 102, 99 Pac. 83, 19 L. R. A., n. s., 798; Elliott on Evidence, sec. 2387; Greenleaf on Evidence, sec. 171.) The admission of the death proofs did not depend on the question of whether or not they were verified. Even where death proofs are made by a third person, that is, the statements in the death proofs are made by a third person, they are admissible in evidence against the beneficiary seeking to recover, when they have been made use of by him or her, as an admission against interest. (2 Wigmore on Evidence, sec. 1073, par. 4; *Voelkel* v. *Supreme Tent etc.,* 116 Wis. 202, 92 N. W. 1104; *Dennis* v. *Union Mutual Life Ins. Co.,* 84 Cal. 570, 24 Pac. 120; *Modern Woodmen of America* v. *Van Wald,* 6 Kan. App. 231, 49 Pac. 782; *Modern Woodmen of America* v. *Davis,* 184 Ill. 236, 56 N. E. 300; *Insurance Co.* v. *Rodel,* 95 U. S. 232, 24 L. Ed. 433; *Edgerly* v. *Insurance Co.,* 43 Iowa, 587; see, also, Rev. Codes, sec. 7887, subd. 2.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1902 Henry J. Schwanekamp became a member of the Modern Woodmen of America, a fraternal beneficiary society authorized to do business in this state, and received a benefit certificate or policy of life insurance for $2,000, in which the plaintiff in this action was named as beneficiary. The contract of insurance is made up of the application of the insured, the by-laws, rules, and regulations of the association, and the benefit certificate. In June, 1908, Schwanekamp died. The beneficiary made due proof of death, but the association refused to pay the

benefit, and this action was commenced to enforce payment. The complaint is in the usual form employed in such cases. The answer of the association admits that Schwanekamp became a member, that the certificate was issued to him, that the plaintiff herein was named as beneficiary, and that it has refused to pay the claim. It then sets forth a description of the association, its aims and purposes, its methods of operation, a copy of the Schwanekamp application for membership, certain of its by-laws, and the benefit certificate issued in this instance. It then alleges that during his lifetime and while a member of the association Schwanekamp violated the terms of his contract with it by engaging in the liquor business as a bartender in the city of Butte, by reason whereof the benefit certificate became void. The cause was tried to the court without a jury. At the close of plaintiff's case, the defendant moved for judgment. The motion was granted, judgment was rendered and entered, and plaintiff has appealed from the judgment, and from an order denying her a new trial.

1. The by-laws of the association provide that if a member shall engage in the manufacture or sale of spirituous, malt, or vinous liquors to be used as a beverage, in the capacity of proprietor, stockholder, agent, or servant, he shall *ipso facto* forfeit all rights as a member of the society, and his certificate shall thereby become null and void. It is then alleged that, in violation of the agreement, the insured, while a member of the association, did "engage in the sale of malt, spirituous, and vinous liquor to be used as a beverage in the capacity of proprietor, stockholder, agent, and servant; that is to say, that on [1] or about the said date the said Henry J. Schwanekamp engaged in the occupation of bartender in a saloon in the city of Butte, in the state of Montana." This is a sufficient allegation, if true, to show a breach of the contract. We shall not stop to consider what definitions may be found for the terms "saloon" and "bartender." It would be an impeachment of the intelligence of the average citizen of this state to say that he does not know and appreciate the true significance of those words. A "saloon," as that term is used in the Codes of this

state and as generally understood here, is a place where intoxicating liquor is sold as a beverage. This is the definition quite generally adopted by courts and text-writers. (7 Words and Phrases, 6310; *State* v. *Donaldson,* 12 S. D. 259, 81 N. W. 299; *McDougall* v. *Giacomini,* 13 Neb. 431, 14 N. W. 150; *Mayor etc. of Leesburg* v. *Putnam,* 103 Ga. 110, 68 Am. St. Rep. 80, 29 S. E. 602; *Cardillo* v. *People,* 26 Colo. 355, 58 Pac. 678; *Ex parte Livingston,* 20 Nev. 282, 21 Pac. 322; *State* v. *Baker,* 50 Or. 381, 126 Am. St. Rep. 751, 92 Pac. 1076, 13 L. R. A., n. s., 1040; *Territory* v. *Robertson,* 19 Okl. 149, 92 Pac. 144; *Malkan* v. *Chicago,* 217 Ill. 471, 75 N. E. 548, 2 L. R. A., n. s., 488.) And a bartender is one who works in a saloon serving the patrons with drinks and refreshments. (Century Dictionary; Standard Dictionary; Webster's International Dictionary.)

2. But it is insisted by appellant that, if the affirmative allegations of the answer are sufficient to show a breach of the contract, it also discloses that the contract itself is void, under [2]   section 5057 of the Revised Codes. That section, so far as relied upon, reads as follows: "Any contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, * * * is to that extent void." Authorities may be found which hold that a statute of this character never applies to a business which is subject to police supervision and control and which may be prohibited altogether. But, in any event, it refers only to a contract which by its terms restrains a party to it from exercising a lawful business, and the breach of which subjects the delinquent to liability.

The insured agreed as a condition precedent to having the contract of insurance executed that he would not engage in any of the prohibited undertakings, and, if he did, he would surrender all claims to benefits. He was free to terminate the contract without incurring any liability; and in engaging in the liquor business, which was prohibited by his contract, he merely chose between the benefits conferred by his membership and the profits arising from the prohibited business.

It is said that the liquor business is lawful in this state; but so is the business of handling dynamite, nitroglycerine, and other

high explosives. In fact, there are many extrahazardous employments which are lawful; but, if the section of the statute here relied upon prevents a life insurance company from discriminating in the risks which it assumes, or forbids it prohibiting its members from engaging in any sort of employment which is not declared unlawful, then all such companies are confronted in this state with a rule of law essentially different from that recognized elsewhere. Section 5057 above is not a novel statute. It is but declaratory of the common law (*Newell* v. *Meyendorff*, 9 Mont. 254, 18 Am. St. Rep. 738, 23 Pac. 333, 8 L. R. A. 440), and is in force in every state in the Union, either as a statute or as a rule of common law, and we have not been able to find a single decided case holding that a contract of this character is violative of such a provision; in fact, it is recognized everywhere that these associations may limit their membership. (29 Cyc. 28.)

And it is equally well settled that, if the by-laws, rules, and regulations so provide, the mere breach by the insured in engaging in a prohibited occupation forfeits his claim to benefits, [3]  or, in other words, the provisions of forfeiture are self-executing. (*Hogins* v. *Supreme Council*, 76 Cal. 109, 9 Am. St. Rep. 173, 18 Pac. 125; *Langnecker* v. *A. O. U. W.*, 111 Wis. 279, 87 Am. St. Rep. 860, 87 N. W. 293, 55 L. R. A. 185; *Supreme Council* v. *Curd*, 111 Ill. 284; *Hexom* v. *Knights of Maccabees*, 140 Iowa, 41, 117 N. W. 19; *Pauley* v. *Modern Woodmen of America*, 113 Mo. App. 473, 87 S. W. 990; Niblack on Benefit Societies and Accident Insurance, sec. 290; 29 Cyc. 181.) Our conclusion is that the statute quoted above does not have any application to a contract of this character.

3. The fact that the insured had violated his contract by engaging in a prohibited undertaking was disclosed upon the trial by [4]  the proofs of death introduced as a part of plaintiff's examination. These proofs furnished *prima facie* evidence of the facts stated and were to be treated by the trial court as admissions made on the part of the plaintiff. (*Insurance Co.* v. *Newton*, 22 Wall. 32, 22 L. Ed. 793; *Modern Woodmen of America* v. *Von Wald*, 6 Kan. App. 231, 49 Pac. 782.)

4. The motion interposed by the defendant amounted to a [5] submission of the case upon the evidence introduced by the plaintiff, and it is of little consequence by what name it was designated, or whether any grounds were specified. The court properly treated it as a submission of the entire case for decision upon the evidence then before it.

We have treated this case from the standpoint of appellant as disclosed in the brief of her counsel; and upon the assignments made and argued we do not find that any error was committed. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

