FREDERICA PREUSTER, Appellant, *v.* THE SUPREME COUNCIL OF THE ORDER OF CHOSEN FRIENDS, Respondent.

The statement, in an application for life insurance, of the age of the applicant is material.

In an application by R. for membership in defendant's order the applicant stated his age to be sixty years, and that any untrue or fraudulent statement therein would forfeit the applicant's rights to any benefits. The certificate issued to him stated that it was subject to the conditions set forth in the application for membership. In an action upon the certificate it appears that it was the custom of the order not to accept as a member one over sixty, and that R. was at least sixty-one at the time of his application, *held,* that the false statement was material, and in the absence of a waiver of the forfeiture, the action was not maintainable.

A rumor that the statement was false reached the secretary of defendant's local council about a year after the issue of the certificate, but not from a reliable or authentic source, and without any proof as to its correctness. About two years thereafter, upon application by R. for an allowance on account of disability, a committee was appointed to investigate and ascertain the truth of the rumor. The committee procured from Saxony where R. was born a certificate of his birth which showed that his statement was false, and thereupon reported in favor of his expulsion, and fifteen days thereafter the council heard the report read, and voted to expel him. No assessments were collected from R. thereafter, but one or more were collected by the secretary, who was a member of the committee, between the receipt by it of the certificate and its report. Said certificate was held below to be incompetent as evidence, and the proof on the trial contradicted it as to the exact date of R.'s birth. *Held,* the facts did not establish a waiver.

Reported below, 60 Hun, 324.

(Argued June 16, 1892; decided October 11, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1891, which reversed an order of Special Term granting a new trial, and directed judgment in favor of defendant upon a verdict directed by the court.

This was an action by plaintiff as the beneficiary named in a certificate of membership issued by defendant, a fraternal assessment association, to C. C. Reim.

The certificate provided that $2,000 should, in case of

Reim's death, be paid to plaintiff " in the manner and subject to the conditions set forth in the laws governing said relief fund and in the application for membership." Said application was made May 23, 1822, and stated that Reim was born February 4, 1822, and was sixty years old. The application contained this condition : " Any untrue or fraudulent state‐ ment made above or to the medical examiner  *  *  * shall forfeit my right to all benefits and privileges therein."

Further facts are stated in the opinion.

*Frank Brundage* for appellant. The trial court erred in directing a verdict. There was no forfeiture by reason of the misstatement of age. The only limit of age provided is that the applicant for membership shall be over eighteen years of age. (Const. art. 6, § 1; *Morrison* v. *W. O. F. Ins. Co.,* 18 N. W. Rep. 15 ; *Darrow* v. *F. F. Society,* 116 N. Y. 537.) If there was a forfeiture it was waived by levying and collect‐ ing the assessments after defendant had knowledge of the mis‐ statements by Reim as to his age. (*M. M. B. Assn.* v. *Beck,* 77 Ind. 203; *Carroll* v. *C. O. Ins. Co.,* 40 Barb. 292; *Vail* v. *G. M. Ins. Co.,* 19 id. 440 ; *Frost* v. *S. M. Ins. Co.,* 5 Den. 154; May on Ins. [2d ed.] §§ 143, 372, 512; *Pechner* v. *P. Ins. Co.,* 65 N. Y. 195 ; *Bank of U. S.* v. *Davis,* 2 Hill, 451–461 ; *Sentell* v. *O. C. F. Ins. Co.,* 16 Hun, 516 ; *Van Shoik* v. *N. F. Ins. Co.,* 68 N. Y. 434–437; *Shay* v. *N. B. Society,* 54 Hun, 109 ; *Erdman* v. *M. Ins. Co.,* 44 Wis. 376; *Kenyon* v. *K. T. & M. M. A. Assn.,* 122 N. Y. 247; *Wis‐ sell* v. *G. M. L. Ins. Co.,* 76 id. 115 ; *Walsh* v. *A. L. Ins. Co.,* 30 Iowa, 133 ; *Mowery* v. *Rosendale,* 74 N. Y. 360 ; *Wyman* v. *P. M. L. Ins. Co.,* 119 id. 274; *Roby* v. *A. C. Ins. Co.,* 120 id. 510 ; *Titus* v. *G. F. Ins. Co.,* 81 id. 418; *McNally* v. *City of Cohoes,* 127 id. 353.) Should it be held that the information received by the officers charged with the duty of levying, collecting and receipting the assessments was not such knowledge as required them to withhold and refuse payment of the assessments until the adjudication of expulsion was made, as was held by the General Term, then when that

adjudication was made they were bound to assert the for-feiture and offer to return the assessments so collected; and not having done so, but having retained them, they waived the forfeiture and validated the certificate of insurance. (*Kabok* v. *P. M. L. Ins. Co.*, 21 N. Y. S. R. 203–208; *Carroll* v. *C. O. Ins. Co.*, 1 Abb. Ct. App. Dec. 316, 321; *Hyatt* v. *Clark*, 118 N. Y. 569; *Pratt* v. *D. H. M. F. Ins. Co.*, 130 id. 217; *Barr* v. *N. Y., L. E. & W. R. R. Co.*, 125 id. 263, 275.) The contention of defendant's counsel that because Reim misrepresented his age there never was a valid contract of insurance is untenable. (*M. M. B. Assn.* v. *Beck*, 77 Ind. 203; *Frost* v. *Sar. M. Ins. Co.* 5 Den. 154; *Van Schoick* v. *N. F. Ins. Co.*, 68 N. Y. 439; *Titus* v. *G. F. Ins. Co.*, 81 id. 410; *Viall* v. *G. M. Ins. Co.*, 19 Barb. 440; *Kenyon* v. *K. T. M. M. Assn.*, 122 N. Y. 247.)

*Cuthbert W. Pound* for respondent. The doctrine of waiver cannot be applied to this case and a new trial should not be ordered. (*Devins* v. *M. & T. Ins. Co.*, 83 N. Y. 173; *Robertson* v. *M. L. Ins. Co.*, 88 id. 541; *Swett* v. *C. M. R. Society*, 78 Me. 541; *Barteau* v. *P. M. L. Ins. Co.*, 67 N. Y. 595; *Hennessey* v. *Wheeller*, 69 id. 271; *Ronald* v. *M. R. Assn.*, 23 Abb. [N. C.] 271; *Bennet* v. *L. C. M. Ins. Co.*, 67 N. Y. 274; *Titus* v. *G. F. Ins. Co.*, 81 id. 410; *Dowd* v. *A. F. Ins. Co.*, 16 N. Y. S. R. 342.) The principle of waiver is not applicable to the acts of officers of benefit associations. (*Bellenburg* v. *I. O. B. B.*, 94 N. Y. 584; *M. B. Soc.* v. *Burkhart*, 7 West. R. 527; *Munrich* v. *S. L. of K. & L. of H.*, 3 N. Y. Supp. 552; *Brewer* v. *C. M. L. Ins. Co.*, 14 Gray, 203–209; *Baxter* v. *C. M. F. Ins. Co.*, 1 Allen, 294; *Mayer* v. *E. R. F. L. Assn.*, 42 Hun, 237; *Hale* v. *M. M. F. Ins. Co.*, 6 Gray, 169.) The assessment and payment did not constitute a waiver on the part of the defend-ant, nor did the payments alone create an estoppel in plaintiff's favor. (*Lyon* v. *Supreme Assembly*, 153 Mass. 83; *McCoy* v. *R. C. Ins. Co.*, 152 id. 272; *Burbank* v. *B. P. R. Assn.*, 144 id. 434.)

Finch, J.   That the right of Reim, under whose certificate the plaintiff claims, to membership in the order defending was liable to forfeiture for his false statement of his age is well established by the proofs.   Without reference to the baptismal certificate, held to be incompetent as evidence, there was enough to show that while representing himself at the time of his application to be sixty years of age, he was in fact at least sixty-one.   Upon a question of life insurance, the age of the applicant is always more or less material because it is necessarily a prominent factor in the risk assumed.   While it appears to be true that nothing in the constitution of the order forbids an insurance upon a life beyond the age of sixty, yet the real age is material, and the evidence indicates that the custom and habit of the order was not to accept a membership after the age of sixty had been reached.   The table of rates appearing in the papers stops at about that age, and it is manifest that if the applicant had told the truth the risk might have been declined.   His certificate of membership, upon its face, shows that it was granted upon the conditions specified in his application, and the rules and regulations of the order; and one of the conditions contained in the form of application was that any untrue or fraudulent statement made therein, or a suspension or expulsion from the order, should forfeit the right to all privileges or benefits thereof.   It is alleged in the complaint not only that the representation of Reim as to his age was untrue, but also that it was fraudulent, and the evidence tends to support that inference.   Whether the statement was knowingly or ignorantly false, the result of a forfeiture followed in accordance with the terms of the contract, and operated as a complete answer to the plaintiff's claim unless the forfeiture was effectually waived, and it is upon such a waiver that the whole contention of the plaintiff rests.

In considering that question it is necessary to recall the facts and the dates of their occurrence, and we may admit them to be, substantially, such as the appellant claims them to be from the evidence in the record.   The first information of a false statement of his age in the application of the member reached

the secretary of the local council about a year after the issue
of the certificate, but in the form of a rumor, and obviously
without any proof of its accuracy or truth, and coming from
no reliable or authoritative source.   It seems to have raised no
serious doubt in the mind of the officer, and the membership
of Reim remained unassailed until about two years later, when
he made application for an allowance on account of disability.
That application to the local council turned its attention to the
rumors which had existed, and a committee was appointed to
investigate them and ascertain the truth.   That truth was not
easily reached outside of those who were interested to conceal
it, and one of the modes of inquiry adopted by the committee
was an application to the foreign authority in Saxony having
a registry of the birth of Reim.   That certificate, showing
the falsehood of his statement, was received by the committee
at least as early as June twenty-third.   It made a report in
favor of expulsion on July thirteenth, and on the twenty-eighth
of July the council heard the report read and voted to expel.
No assessments were collected after that date, but one or more
were collected between the receipt by the committee of the
foreign certificate and the committee's report to the local coun-
cil.   The secretary of that council who received such assess-
ments was a member of the investigating committee, and his
alleged knowledge of the fraud is sought to be imputed to the
council and to the defendant.   The secretary was an officer of
the local council, appointed by it, and subordinate to its
authority.   The supreme council had no direct control over
him, and could reach him only through his immediate superiors.
Assuming that the local council may be deemed within its
sphere, the general agent of the defendant association, and
that by receiving or expelling members it could in some meas-
ure bind or release the order, and so might have waived the
forfeiture incurred, the court below has held that the evidence
did not establish such waiver, and I concur in that opinion.
Certainly there was no intention to waive the forfeiture on the
part of the local council or manifested by its action.   It was
bound to treat the accused member as innocent until satisfied

of his guilt and having full knowledge of the facts, and was not required to act by choosing between a waiver and a forfeiture until the truth was reached in a form and so supported by evidence as to make it a duty to act decisively in one direction or the other. The accused member, pending the investigation, must be deemed to have voluntarily taken the risk of its result. He must have known that it was in progress, and that his assessments were paid and received upon an assumption of his innocence, which would fail if, in the end, the truth should be disclosed. After the knowledge obtained from the foreign registry reached the local council through the report of its investigating committee, no assessments were collected or accepted. The council seems to have conducted the investigation with reasonable diligence. If it had purposely or negligently delayed the inquiry with a view to get as many assessments as possible before the forfeiture, and with full knowledge of the truth, a different question would be presented. But here it acted in good faith, and promptly insisted upon the forfeiture when satisfied of the fact that it had been deceived.

Two circumstances are to be specially remembered in arriving at a conclusion. No authoritative notice of his true age was ever given by Reim or those who represented him, and which for that reason bound him, and so put the company to its election. There was simply an accusation by third persons, never admitted by the deceased, and the truth or falsity of which was open to inquiry. In addition it is to be observed that the foreign certificate, objected to by the appellant, was held inadmissible by the General Term, and did not justify the action of the local council. It proved nothing on the trial, and so proved nothing to the local council which acted without any knowledge, except inadmissible hearsay, and so acted at its peril. The fact established on the trial contradicted the certificate, and of the real fact the local council never had any full knowledge until after premiums were refused. Pending the inquiry there was knowledge of an accusation never admitted by the assured and the truth of which was in doubt. Until

the council heard the evidence and acted upon it as satisfactory it cannot be said that it had full knowledge of the actual fact, which all the time, and even down to the trial, was in dispute. If notice of the truth had been given by Reim, or those representing him, so as to have bound them and required the belief of the insurer, a different conclusion might be required. But full knowledge of an accusation is by no means a necessary knowledge of the fact, and the real truth as to the age of the assured was never lawfully proven till the date of the trial, and then by evidence which never came before the local council at all. Their action at the date of the expulsion may estop them from denying a then existing knowledge, but before that date, neither by estoppel nor as matter of fact can it be said that full knowledge existed.

We think the conclusion of the General Term was correct and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed. ───────────────