been sustained. The order overruling the demurrer and the inter-locutory judgment entered thereon is hereby reversed, with costs, and the disbursements of this appeal. And the demurrer is hereby sustained, with costs, and with leave to the plaintiff to amend said summons and complaint by making said sureties parties defendant to the action herein on payment within five days after notice of entry of the order of reversal of the aforesaid costs and disbursements of appeal herein and the costs of the demurrer.

FITZSIMONS, J., concurs.

(20 Misc. Rep. 231.)

### HIGGINS v. JOHN HANCOCK MUT. LIFE INS. CO.

(City Court of New York, General Term. May 11, 1897.)

LIFE INSURANCE—FALSE ANSWER IN APPLICATION.

> A false answer in an application avoids the policy, where both application and policy so provide, and the insured was intelligent and able to read; and it is immaterial whether the answer was knowingly or ignorantly false.

Appeal from trial term.

Action by John R. Higgins against the John Hancock Mutual Life Insurance Company. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and McCARTHY, J.

Langbien Bros. & Langbien, for appellant.
Lyman W. Redington, for respondent.

McCARTHY, J. The application which forms a part of the contract provides, among other things: "If any statement or answer in the application for this policy, which application is hereby referred to and made a part hereof, is in any respect untrue, * * * then this policy is void,"—and also that no person except the president or secretary is authorized to make, alter, or discharge contracts or waive forfeitures. It is further declared: "Application is hereby made to the John Hancock Mutual Life Insurance Company for insurance, and as a basis for such insurance statements are made which, including those made to the medical examiner, shall form a part of the contract for insurance; and if in any respect untrue, the policy issued on this application shall be void." Among the questions asked of the wife of the plaintiff, whose life was being insured, was No. 13: "Q. Have you ever been in any hospital or public or private institution for treatment of any kind? If so, give particulars. A. No.". This was admittedly false and untrue. She was intelligent, and able to read and write, and it is conceded that before the paper was signed by her she was warned by her husband to see and know what she was signing, and that the agent had already written down the following answer. With all this it was read over to her correctly, either by her or the agent. Then, with this knowledge, she signed it. She told the agent that she had only been in the hospital for examination, and not for treatment of any kind. If this was so, the agent was justified in

writing the answer, "No." But she knew better than any one else that this answer was false and untrue, for she had been confined to the hospital from the 19th to the 25th day of December, 1892, for a period of six days, during which she had an operation performed on her, and was treated for an ulceration of the neck of the uterus, and from which she had been suffering for a long time, and which finally caused her death. There does not appear, from the evidence, any improper act on the part of the agent, and it is clear, from the evidence of the physicians, that she was not only examined but treated for a serious woman's trouble, and submitted to an operation during her stay at the hospital. This was, then, a breach of the warranty, and thus rendered the policy void, and, whether the statement was knowingly or ignorantly false, the result of the forfeiture follows, in accordance with the terms of the contract, and operates as a complete answer to the plaintiff's claim. Preuster v. Order of Chosen Friends, 135 N. Y. 417–420, 32 N. E. 135. Having warranted her answer, whether she knew or not was immaterial, because, by reason of such a warranty, she was bound to know whether it was true or not; and, having taken the risk of that, even though she had no actual knowledge, and no proof was offered to show it was willful falsehood, it was sufficient for the defendant to show, as a matter of fact, that the answer was false. Elliot v. Association, 76 Hun, 378–381, 27 N. Y. Supp. 696; Sullivan v. Insurance Co. (Com. Pl.) 12 N. Y. Supp. 923. The parties have made them material by inserting them, and it does not matter whether the agent of the company, who procured the insurance for the company, knew the true state of facts. It is immaterial. The mere fact that the statements are warranties, and untrue, vitiates the policy. Foot v. Insurance Co., 61 N. Y. 571–576.

For these reasons the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

VAN WYCK, C. J., concurs.