JOHANNA WIBERG v. MINNESOTA SCANDINAVIAN RELIEF
ASSOCIATION.

July 13, 1898.

Nos. 11,125—(239).

**Mutual Benefit Insurance—Age—Fraud in Application—Waiver.**

The articles of association of a mutual benefit life insurance company provided that applicants for membership must be not more than 65 years old, but its by-laws limited membership to persons not more than 55 years old. An applicant for membership, who was in fact 57 years old, represented that he was only 53 years of age, and, relying on this representation, the association admitted him to membership. Conceding without deciding, that the by-law was valid, *held* that, the admission of a member

not over 65 years of age being authorized by the articles of association, it was competent for the company to waive the provision of the by-law limiting the age to 55 years. Also that the acceptance and retention of an assessment against the member with full knowledge of his misrepresentation as to his age amounted to such a waiver.

Action in the district court for Ramsey county to recover $2,000 on a certificate of membership in defendant association. The cause was tried before Brill, J., without a jury, and findings were made in favor of plaintiff. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*O. M. Hall*, for appellant.

A waiver is an intentional relinquishment of a known right. It is actual intent upon actual knowledge that must be established to make the case one of waiver. Fitzpatrick v. Hartford, 56 Conn. 116; May, Ins. § 508; Titus v. Glens Falls, 81 N. Y. 410; Devens v. Mechanics, 83 N. Y. 168, 173; Robertson v. Metropolitan, 88 N. Y. 541; Hartford L. Ins. Co. v. Unsell, 144 U. S. 439; Mee v. Bankers L. Assn., 69 Minn. 210. Defendant must have had full knowledge of its right to treat the contract as void, before it could waive such right. Full knowledge, not mere suspicion, not uncertain nor conflicting nor disputed information, but such substantial knowledge as would justify it in declaring the contract void, is essential, before it can be required to choose between claiming the right to forfeiture and waiving it. If facts sufficient to put a reasonable man on inquiry came to its notice, it was entitled to a reasonable time in which to make such inquiry. It could not waive its right until it had investigated, or had ample time to investigate, the facts upon which it was predicated. Preuster v. Supreme, 135 N. Y. 417; Bennecke v. Insurance Co., 105 U. S. 355; Mee v. Bankers L. Assn., supra.

If there was a waiver, the act must have been done by some person connected with defendant. Neither its secretary nor any of its managers knew of the payment of May 15 until after this action was brought. The payment was received and entered by a clerk in the office. It does not appear that this clerk had any authority, direct or implied from the character of his employment,

to waive a forfeiture arising from the false statement of the age of the insured. The power to waive is limited to the scope of the servant's employment. This principle, applied to a clerk employed to receive and credit payments, restricts his power of waiver to the matter of payments merely. Koelges v. Guardian, 2 Lans. 480; Diehl v. Adams, 58 Pa. St. 443; Gardner v. Fidelity M. L. Assn., 67 Minn. 207; Ermentrout v. Girard F. & M. Ins. Co., 63 Minn. 305. Assuming that this clerk, by receiving the payment, could waive the forfeiture arising from Wiberg's false statement, still, in order to do so, it was necessary that he himself should have known, at the time of the waiver, that the right of forfeiture existed. There is no evidence that the clerk had any such knowledge. Weed v. London, 116 N. Y. 106; Robertson v. Metropolitan, 88 N. Y. 541; Miller v. Union, 110 Ill. 102.

Waiver cannot be predicated on defendant's failure to return the $8.80 paid by plaintiff after Peter Wiberg's death. So far as defendant is concerned, this money was received from John E. Peterson, a stranger to the action. It is true that plaintiff testified that the money sent was her money; but of this, and of the fact that Peterson was in any way acting for her, this defendant had no notice or knowledge until she testified upon the trial. Lyon v. Supreme, 153 Mass. 83. No payment made after Wiberg's death could operate as a waiver. The acceptance of a payment made after Wiberg's death could not waive a forfeiture for his fraudulent representations as to age. If, by failing to pay an assessment which did not fall due until after Wiberg's death, plaintiff could lose no right whatever, how could she acquire a right by paying? Kerr v. Minn. Mut. Ben. Assn., 39 Minn. 174.

Because of his fraudulent representation as to his age, Wiberg never became a member of the association. Hence nothing done after his death could give validity to a membership which did not exist at the time of his death. Mutual v. Ruse, 8 Ga. 534; Bliss, Ins. § 200; Diehl v. Adams, 58 Pa. St. 443; Swett v. Citizens, 78 Me. 541. The provision of the by-laws limiting the age of eligible applicants to 55 years is a material and essential qualification of membership. That a material provision or limitation of the by-laws cannot be waived by an employee of the association is very

ably maintained in McCoy v. Roman, 152 Mass. 272; Burbank v. Boston, 144 Mass. 434; Niblack, Mut. Ben. Soc. § 32; Supreme Council v. Boyle, 10 Ind. App. 301; Behler v. German, 68 Ind. 347.

The single question presented is, shall the law sustain the forfeiture and prevent a fraud, or waive the forfeiture and sustain the fraud? Holland v. Supreme, 54 N. J. L. 490.

*John H. Ives*, for respondent.

The articles of incorporation having fixed the age limit at 65 years, a by-law attempting to fix this limit at 55 years is invalid. The articles of a corporation or society are its fundamental laws. Morawetz, Corp. §§ 395, 492–494, 502, 645; 1 Beach, Priv. Corp. §§ 309, 317; 1 Bacon, Mut. Ben. Soc. §§ 83, 116; Bergman v. St. Paul Mut. Ben. Assn., 29 Minn. 275; Kolff v. St. Paul Fuel Exchange, 48 Minn. 215. By-laws cannot contravene the articles of incorporation. Niblack, Mut. Ben. Soc. §§ 1, 7, 23; Kentucky v. Miller, 13 Bush, 489; Raub v. Masonic, 3 Mackey, 68; People v. Young, 41 Mich. 67.

As to the question of waiver, the officers of the association ought to have discovered the mistake as to age long before Wiberg's death. Tobin v. Western, 72 Iowa, 261. The physician's statement of the age of deceased, furnished to defendant with the proofs of death, charged defendant with knowledge of his age. Fitzpatrick v. Hartford, 56 Conn. 116; Morrison v. Wisconsin, 59 Wis. 162. The receipt of money by defendant from plaintiff after Wiberg's death on assessments levied against him before his death operates as a waiver. Hanson v. Minn. Scand. Relief Assn., 59 Minn. 123; Schreiber v. German-Am. H. Ins. Co., 43 Minn. 367; Rowswell v. Equitable, 13 Fed. 840; Cotten v. Fidelity & C. Co., 41 Fed. 506; Magner v. Mutual, 44 N. Y. Supp. 862. There need not have been any actual intent on the part of any of defendant's officers or agents to waive this forfeiture. Mee v. Bankers L. Assn., 69 Minn. 210.

On the question of waiver generally see Fitzpatrick v. Hartford, supra; Hoffman v. Supreme Council, 35 Fed. 252; Cotten v. Fidelity & C. Co., supra; Phœnix L. Ins. Co. v. Raddin, 120 U. S. 183; Preuster v. Supreme, 135 N. Y. 417; McKinney v. German, 89 Wis. 653; Wilson v. Mutual, 174 Pa. St. 554; Milkman v. Unit-

ed, 20 R. I. 10; Union v. Woods, 11 Ind. App. 335; Daniher v. Grand Lodge, 10 Utah, 110; Warnebold v. Grand Lodge, 83 Iowa, 32; Mueller v. Grand Grove, 69 Minn. 236; Johnson v. Southern, 79 Ky. 403; Olmstead v. Farmers, 50 Mich. 200; Witherell v. Maine, 49 Me. 200; Murray v. Home, 90 Cal. 402; Beatty v. Mutual R. F. L. Assn., 75 Fed. 65; Rice v. New England, 146 Mass. 248; Metropolitan v. Windover, 137 Ill. 417; Erdmann v. Mutual, 44 Wis. 376; Rowswell v. Equitable, 13 Fed. 840; Farmers v. Koontz, 4 Ind. App. 538; Powers v. New England, 68 Vt. 390; Williams v. Maine, 89 Me. 158; Lamb v. Prudential, 22 App. Div. 552; Home v. Garfield, 60 Ill. 124; Magner v. Mutual, 44 N. Y. Supp. 862; Singleton v. Prudential, 42 N. Y. Supp. 446; Flannigan v. Prudential, 20 Misc. Rep. 539.

MITCHELL, J.

The defendant is a mutual benefit life insurance association. Its articles of association provided that applicants for membership must be not less than 21 nor more than 65 years of age, while its by-laws limited membership to persons not less than 21 and not more than 55 years of age. In December, 1882, Peter Wiberg made written application for membership in the association, in which he stated that his age was 53 years, and that he was born in 1829, when in fact he was born in 1825, and was over 57 years old. In this application Wiberg consented and agreed that any untrue or fraudulent statement therein contained "may forfeit my right to membership in the above-named association, and all benefits, rights and equities arising therefrom." In reliance upon the statements contained in the application, and believing them to be true, the association issued to him a certificate of membership, by which it became liable, upon his death, to pay his widow a sum equal to $1 for each member of the defendant at the time of such death, but not exceeding $2,000, provided that during his life he made punctual payments of all dues and assessments for which he might become liable, and conformed in all respects with the by-laws, rules and regulations of the association. It is conceded that he paid all dues and assessments up to the time of his death, which occurred April 19, 1897. The plaintiff, his widow, made due proof

of death; but the association refused to pay, on the ground that the deceased had stated his age to be under 55 years, when in fact he was over that age, and consequently ineligible to membership under the by-laws.

The plaintiff then brought this action, and the trial court found in her favor, on the ground that the defendant had waived any right to assert that it was not liable because of the deceased's false statement regarding his age. It may be added that the court found that he made this false statement with intent to deceive the defendant, although we think this is immaterial.

The respective counsel join issue as to the validity of the by-law limiting membership to persons not over 55 years of age; counsel for the plaintiff contending that it is void because in conflict with the provision in the articles of association making the limit 65 years, while counsel for the defendant claims that it was competent for the association by its by-laws to limit still further eligibility to membership. In our view, the question is not material. Assuming that the by-law was valid, still the admission of members over 55, but not over 65, years of age was intra vires, under the articles of association, and it was competent for the association to waive the conditions of a mere by-law. Morrison v. Wisconsin, 59 Wis. 162, 18 N. W. 13; Davidson v. Old Peoples Mut. Ben. Soc., 39 Minn. 303, 39 N. W. 803; 1 Bacon, Ben. Soc. § 265.

On the other hand, if the by-law was invalid, the false representation as to age was material, and, by the terms of the deceased's application for membership, was a ground for the forfeiture of his membership. Even if all persons not over 65 years of age were eligible to membership notwithstanding the by-law, it was optional with the association whether it would admit them; and it needs no argument to show that the age of the applicant might, and naturally would, affect its decision.

The evidence tending to prove a waiver on part of the association was, briefly, as follows: The proof of death which was furnished on May 1, 1897, contained the affidavit of the attending physician of the deceased, who, in answer to the question, "State the apparent age of deceased?" answered, "72 years." About May 3 the secretary, and evidently the managing officer, of the association,

received an anonymous letter (Exhibit H), calling his attention to the fact that Wiberg was over 72 years old at the time of his death, and consequently must have been over 55 years of age when he was admitted, 14 years before.   This evidently put the secretary on search for proof of the fact, for, on May 4, he, in his official capacity, wrote (Exhibit I) to the deceased's pastor, asking him for an official certificate when and where Wiberg was born.   In response to this, the clergyman sent the secretary a certificate (Exhibit K) to the effect that Wiberg was born January 7, 1825.   This certificate was dated May 7, and reached the secretary, in due course of mail, about May 8.   The object of the subsequent correspondence of the secretary with the clergyman was evidently merely for the purpose of getting competent legal proof of an already ascertained fact. Hence the evidence shows that the association had actual knowledge, as early as May 8, that Wiberg had falsely misrepresented his age in his application for membership.

In the meantime, on May 1, the association had sent notice, addressed to "the heirs of Peter Wiberg," of an assessment of $8.80 for death losses that had accrued prior to Wiberg's decease, and requiring its payment within 15 days.   On May 14, one Peterson, a member of the association, who resided in the same place in which the plaintiff lived, sent to the secretary of the association a letter (Exhibit R) inclosing a check for certain specified assessments, including that of $8.80 against Wiberg.   The association received this money on May 15, and, as the court finds, entered it upon its books, used it for its own purposes in due course of business, and never returned, or offered to return, it until the commencement of this action in the latter part of August.

Fault is found with the court's finding that this money was paid by plaintiff in accordance with the notice sent by defendant to the heirs of Wiberg.   Plaintiff testified that it was her money, and, under all the circumstances, the court was justified in concluding that, in pursuance of the notice, she had intrusted the money to Peterson to be paid to the defendant.

The defendant also attempts to excuse its failure to return the money because it did not know to whom it belonged.   If it did not wish to accept the money, it should have returned it to Peterson for

whom it concerned, and it would have been perfectly safe in doing so. The association must and ought to have understood that the money was paid by or for the estate of Wiberg or his beneficiary, and that the payment was not the mere voluntary act of some stranger.

It is urged that this money was received and entered on the books of the association by a clerk in its office, and that its secretary did not know about it until his attention was called to the fact by the plaintiff's reply in this action, and that a mere clerk had no authority to make a waiver in behalf of the company. The association cannot excuse or shield itself in this way. It was clearly advised of the fact that Wiberg had misrepresented his age. It had made an assessment against him or his heirs, and sent them notice requiring its payment, and should have anticipated that payment would be tendered. Hence, if it intended to avail itself of Wiberg's misrepresentation as a ground of forfeiture of his membership, the association should have been on the alert to see to it that payment of the assessment was not accepted. The money was sent to the secretary, but he had absented himself from the office, and left a clerk in charge to attend to his mail and perform the duties of the office during his absence. Moreover the books were open to the inspection of the secretary, and it was his duty to inspect them, unless he intended that the association should be bound by whatever had been done during his absence by the clerk left in charge. The entries on the books would have immediately advised him of the payment of the assessment.

Counsel for the defendant asks that a distinction be made between the waiver of a fraud committed at the inception of a contract of insurance, which renders it voidable ab initio, and a waiver of the forfeiture of a valid right by reason of some subsequent default. No doubt a court would, if consistent with legal principles, hold acts to amount to a waiver in the latter case which they would not so hold in the former. But nothing is better settled in the law of insurance than that an insurance company may, by its conduct, waive a misrepresentation in the application for insurance. Morrison v. Wisconsin, supra; 2 Bacon, Ben. Soc. § 427. One of the acts most frequently held to amount to a waiver is the acceptance

and retention of premiums or assessments after having knowledge of the misrepresentations.

We think the evidence justified the court's finding that the defendant had waived the misrepresentation.

Order affirmed.