| 201 | 363 |
| s213 | 490 |

# Dinan, Appellants, *v.* Supreme Council of the Catholic Mutual Benefit Association.

*Beneficial associations—False statement as to age.*

Where an applicant for membership in a beneficial association stipulates for the absolute truth of the statements made in his application, and he makes a statement as to his age which is in fact false, the benefit certificate is thereby rendered void, and it is immaterial whether the statement was intentionally and wilfully false.

*Beneficial associations—Statement as to age—Evidence.*

In an action against a beneficial association where the defense set up was a false statement as to age made by the deceased member, and the case turns entirely upon the age of the deceased, it is improper to admit as evidence as to age a certificate of the board of health based upon nothing except the report of the undertaker, which in turn rested upon nothing more than statements to him by members of the family of the deceased. In such a case it is also improper to admit in evidence an engraved coffin plate, prepared by the undertaker, the inscription upon which was based upon the same sources of information.

Argued Nov. 5, 1901. Appeal, No. 68, Oct. T., 1901, by plaintiffs, from judgment of C. P. No. 1, Allegheny Co., March T., 1900, No. 213, on verdict for defendant in case of Andrew A. Dinan and Mary G. Dinan, his wife, in right of said wife, *v.* The Supreme Council of the Catholic Mutual Benefit Association. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Assumpsit on a benefit certificate.

At the trial the defendant showed that Charles B. Coll, to whom the benefit certificate had been issued, had stated in his application that he was under the age of fifty years. The constitution and by-laws of the defendant provided that no person over fifty years should be admitted to membership.

Under objection and exception the defendant was permitted to offer in evidence a certificate of the board of health and an engraved coffin plate as evidence to show the age of the deceased.

Plaintiff presented this point:

1. That even should the jury find as a fact that Charles B.

Coll, the father of Mrs. Mary Dinan, the plaintiff, was over the age of fifty years when he made application for admission to defendant association and when admitted and the beneficiary certificate issued upon which plaintiff's claim is based, that plaintiffs are entitled to recover herein unless the jury shall further find that the statements or representations made by said Charles B. Coll in his application for membership were wilfully made by him with knowledge of their falsity and with the intent to deceive. *Answer :* This point is refused. It is not a question whether he, Mr. Coll, knowingly, made a false statement or not. Under his application, and under the certificate through which his beneficiary was to receive benefits, he bound himself, as between himself and the association, in relation to the contract between them, to wit: this beneficial certificate, that what he said in relation to his age was true. A man might innocently make a mistake, or make a statement believing it to be true, but if it was made under certain circumstances it would not matter whether it is true or not; he would be bound by the falsity of it—not in the sense that he had actually deceived, but he would be bound by the actual condition of things. Suppose you gentlemen formed an insurance company, and I applied to you to take a risk on my life. I represent to you that I am fifty years of age, and on the strength of that you issue a policy to me. I would certify to the truth of that statement, and bind myself by the truth of it, that I was fifty years of age. If it turned out that that was not true, ordinarily it would be a good defense on an action on the policy.

Defendant presented this point:

2. That even if the deceased, Charles B. Coll, was honestly mistaken in giving his age as under the age of fifty years, nevertheless, if the jury find that he was in fact over fifty years of age at the date of said initiation, the plaintiff cannot recover. *Answer :* Affirmed. It is not a question under this contract whether it was a false statement by him, or whether it was innocently made. He was bound by the truth of the statement, and on the basis of that statement the contract was made. If the evidence should satisfy you that at the time he was initiated, and at the time he got this certificate, he was over fifty years of age, then as a matter of law your verdict should be for the defendant.

The court charged in part as follows:

[Then there is some further testimony that there was a return made to the board of health of our city, under what is known as the act of 1895, which provides for the return of certificates showing marriages and deaths. It is a public record, but just how far it would be evidence might be a close question. I think the record is some evidence of the age of Mr. Coll, though not conclusive. There was a record returned, showing, I believe, that he was sixty-five, or in the sixties. Of course you will use that for whatever it is worth, in connection with other testimony, as tending to show who this Coll was, and whether, at the date of the initiation into the association, this particular Coll was over fifty years of age.] [3]

[Then there was a coffin plate introduced, but that testimony was very much weakened by the undertaker's statement that, while he got the information from the family, the family differed very much about the age, and no one seemed to know just exactly what his age was; some thought he was one age, and some another, but finally it was left to the undertaker, and he put in what he chose. That testimony has not very much weight, it seems to me, yet if it strikes you otherwise, you will use your own good judgment about it; it is for you to say how much weight you will give it.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned*, among others were (1–4) above instructions, quoting them; (5–9) rulings on evidence, but not quoting the evidence admitted under the exception.

*G. W. Williams*, with him *A. J. Edwards*, for appellant, cited as to the instructions: Keatley v. Travelers' Ins. Co., 187 Pa. 203; Clapp v. Massachusetts Benefit Assn., 146 Mass. 519; 16 N. E. Repr. 433; Illinois Masons' Benevolent Society v. Winthrop, 85 Ill. 537.

*A. B. Reid*, with him *A. V. D. Watterson*, for appellee, cited as to the admissions of testimony: Williams v. Baker, 71 Pa. 476.

Cited as to warranty: Hartman v. Keystone Ins. Co., 21 Pa. 466; Carson v. Metropolitan Life Ins. Co., 1 Pa. Superior Ct.

572; United Brethren Mutual Aid Society v. White, 100 Pa. 12; Blooming Grove Mutual Fire Insurance Co. v. McAnerney, 102 Pa. 335; United Brethren Mutual Aid Society v. O'Hara, 120 Pa. 256; Richards on Insurance, sec. 172; Cushman v. United States Life Ins. Co., 63 N. Y. 404; Wood v. Hartford Fire Ins. Co., 13 Conn. 201; Warren v. Phila. Coal Co., 83 Pa. 437; Frisbie v. Fayette Mutual Ins. Co., 27 Pa. 325.

OPINION BY MR. JUSTICE POTTER, January 6, 1902:

This action was brought by Dinan and wife, in right of said wife as daughter of Charles B. Coll against the Supreme Council of the Catholic Mutual Benefit Association to recover the sum of $2,000 upon a benefit certificate issued by the said association to the said Charles B. Coll upon October 15, 1891, and payable to his said daughter as beneficiary.

Upon the trial the defendant admitted the issuance of the benefit certificate and that proof of death had been duly made but denied the right of the plaintiff to recover; upon the ground that he had misrepresented his age in his application for membership. It appears that the constitution of the defendant association confines its membership to persons not over fifty years of age at the time of initiation. In his application for membership, Charles B. Coll stated his age as less than fifty years, at the same time signing an agreement, stipulating that compliance on his part with all the laws, rules and requirements of the association was the express condition of his participation in the beneficiary fund. And further certifying that the answers made by him to the questions in the application were true.

It was contended by the defendant and testimony was offered tending to show that as a matter of fact the said applicant was considerably more than fifty years of age at the time of his initiation, and that by reason of this erroneous or false statement by the applicant at the date of the issuing of his benefit certificate it was rendered void and of no effect.

By the refusal of the plaintiffs' first point for charge, and the affirmance of the defendant's second point, the court said to the jury that it was immaterial whether the statement as to his age, as made by the applicant, was intentionally and wilfully false. If it was, as a matter of fact, false, the verdict should be

for the defendant. In this ruling the court was entirely right. The insured stipulated for the absolute truth of the statements made in his application, and he must be held to his warranty. The first and second assignments of error are therefore overruled.

The fifth, sixth, seventh, eighth and ninth specifications of error are clearly in disregard of the requirements of rule 31 of this court and will therefore not be considered. However, the material matter of complaint upon which they are based is substantially raised in the third and fourth assignments of error, which complain of certain portions of the charge of the court, referring to the admission of certain testimony. First as to the admission of a certificate of the board of health, showing a record of his death, as being some evidence of the age of Charles B. Coll. The certificate was clearly incompetent for any such purpose. It appears from the evidence that its statement as to the age of the deceased was based upon nothing except the report of the undertaker, and that his report rested in turn upon nothing more than statements to him by members of the family of the deceased. The purpose of the certificate was to facilitate and control the disposition and interment of the body, and the declaration which it contained as to age was a mere incident. The introduction of the certificate to the jury, as an element for consideration in determining the age of the deceased, was an application of it which cannot be justified. The other matter of which complaint is made was the introduction of an engraved coffin plate, which stated the age of the deceased at sixty-five. This was also prepared by the undertaker, and was based upon the same uncertain sources of information. He states in his testimony that when he was making inquiries of the members of the family as to the particulars, for the preparation of the obituary notice and the plate on the casket, that the age of the deceased seemed to be a matter of doubt. Some said it was fifty-eight, others that it was sixty, and some said sixty-three. He put it down as sixty-five.

The result thus reached certainly had no value as testimony. How much the jury may have been influenced by evidence of this character we cannot say. Undoubtedly there was other evidence in the case upon which the jury might have reached the same conclusion. The case turned entirely upon the age

of the deceased, and the plaintiffs were entitled to have the question considered free from the possible embarrassment of an apparently official certificate, and the subtle influence of an engraved coffin plate, and a printed obituary notice. None of these things had any bearing upon the question at issue. The third and fourth assignments of error are sustained.

The judgment is reversed and a venire facias de novo awarded.