TOMPKA KRAUSE v. THE MODERN WOODMEN OF AMERICA,
a Corporation, Appellant.

**Beneficial insurance:** WARRANTIES.  Where the application and
1  certificate of beneficial insurance recites that the certificate
is based on the statements therein made and if untrue it shall
be void, a statement in the application of the age of applicant
amounts to a warranty and if untrue will render the certificate
void unless obviated by statute.

**Pleadings:** ALLEGATIONS OF CORPORATE CAPACITY:  GENERAL DENIAL.
2  The general denial of an allegation that defendant is "a life
insurance and beneficial society" does not put its corporate
capacity in issue; the facts relied upon to determine its corporate character must be pleaded.

**Age limit:** WAIVER:  FORFEITURE OF CERTIFICATE.  The officers of a
3  beneficial association may waive the age limit of an applicant
as provided in the by-laws, when not in contravention of the
articles of incorporation or the statute; and when this is done
the certificate will be enforced under Code, section 1813, in
the absence of a showing of fraud.

**Same:** AMOUNT DUE ON CERTIFICATE:  DETERMINATION OF.  The difference in the actual age of one holding a beneficial insurance
4  certificate, and that given in the application, should be taken
into account in determining the amount due the beneficiary.

*Appeal from Muscatine District Court.*— HON. D. V. JACKSON, Judge.

WEDNESDAY, FEBRUARY 6, 1907.

THE petition alleged that " defendant is a corporation
organized under, and by virtue of, the laws of the State of
Illinois as a life insurance and beneficial society, with its

head office at Rock Island in said State, and various subordinate lodges at other and divers places, of which one is located at Muscatine, Iowa "; that August Krause became a member of such lodge July 26, 1898, to whom defendant then issued an insurance policy on his life in the sum of $1,000, with plaintiff named therein as beneficiary; that the insured was in good standing in the society at the time of his death; that defendant has rejected plaintiff's claim of indemnity; and she prayed for judgment for the amount of policy with interest. To this petition was attached a copy of what is designated a " benefit certificate," which described defendant as " a fraternal beneficiary society," and his application to become a member in which he stated that he " was born in the state of Germany on the 14th day of March, 1854; am now between 44 and 45 years of age." Both the certificate and application state that the former is based on the latter, and that, if answer or statement in the application is not literally true, the certificate shall be void. The answer admitted the issuance of the certificate and death of Krause as alleged, and then averred that the defendant is " a fraternal beneficiary society with head office at Rock Island in the State of Illinois having subordinate bodies "; that the statement of Krause as to his age was untrue, in that he was born in 1851 instead of 1854, and was past 47 years of age instead of 44, and that, under the by-laws of the organization, no one could be admitted a member after attaining the age of 45 years; that, because of having procured the certificate through such false statement as to age, the certificate was void and defendant not liable. To this answer plaintiff demurred on the ground that it did not allege that the insured knew the statement of his age was false. The demurrer was sustained, and, as defendant elected to stand on the ruling, judgment was entered as prayed, and it appeals.— *Affirmed.*

*Truman Plantz* and *E. M. Warner,* for appellant.

*J. C. Coster* and *J. R. Williams,* for appellee.

LADD, J.— The answer raised but one issue and that is whether the certificate of insurance was void owing to a mis-

**1. BENEFICIAL INSURANCE: warranties.** statement in the application of the age of deceased. The general denial of the general allegation of conditions precedent in the petition did not put them in issue. Sections 3626, 3628, Code.

A by-law of the society well pleaded fixed the maximum age of admission at forty-five years. According to the answer the insured at the time of signing the application was over forty-seven years of age, but stated therein that he was under forty-five years. The demurrer to this answer was sustained on the ground that scienter was not averred. The statement in the application undoubtedly was in the form of a warranty, and must be treated as such unless obviated by statute. This is so fully settled by the authorities that the citation of a few will suffice. *Nelson v. Insurance Co.,* 110 Iowa, 600; *Modern Woodmen of America v. Van Wald,* 6 Kan. App. 231 (49 Pac. 782); *Finch v. Modern Woodmen of America,* 113 Mich, 646 (71 N. W. 1104); *Baumgart v. Modern Woodmen,* 85 Wis. 546 (55 N. W. 713).

The theory of the plaintiff and doubtless of the trial court was that the effect of such statement as to age, even though a warranty was obviated by the section 1813 of the

**2. PLEADINGS: allegation of corporate capacity; general denial.** Code, hereinafter set out. Appellant has undertaken to meet this by saying that this statute has no application to societies such as defendant, and if the record were such as to indicate that defendant was a fraternal benevolent society as defined by section 1822 of the Code, this would have to be conceded. *Smith v. Supreme Lodge,* 123 Iowa, 676. But it is alleged in the petition that defendant is " a life insurance and beneficial society." That it is designated as " a fraternal beneficiary society " in the certificate attached is not inconsistent with this, for the exhibit forms no part of the allegation with

respect to the character of the association.· Insurance societies to which the statute concededly applies are regulated by chapters ·7 and 8 ·of title 9 of the Code, and are defined in section 1784. All essential was a general averment of defendant's' corporate capacity as such. Section 3627, Code. Such an· allegation cannot be put in issue, however, by a general denial or the averment of a different corporate capacity as a conclusion, but " the facts relied on must be specifically stated." Section 3628, Code. The answer, while not putting in issue the character of the defendant corporation, as a life insurance society, merely alleged generally that it was " a fraternal beneficiary society, with head offices at Rock Island in the State of Illinois, with subordinate lodges." This was but a conclusion, and, in failing specifically to' plead the facts, indicating that it was not a life insurance society as defined in the Code, and that it was a fraternal beneficiary society as defined by section 1822, and as regulated by chapter 9 of title 9 of the Code relating to such associations, did not put in issue the averment that it was a life insurance society 'as contained in the petition. *Stork v. Supreme Lodge*, 113 Iowa, 724. See *Brown v. Modern Woodmen*, 115 Iowa, 450. But for the statute referred to the misstatement as to age would undoubtedly avoid the policy. *Dinan v. Supreme Council Ass'n*, 201 Pa. 363 (50 Atl. 999); *Dolan v. Ass'n*, 173 Mass. 197 (53 N. E. ·398); *Marcoux v. Society*, 91 Me. 250 (39 Atl. 1027); *Supreme Lodge v. Davis*, 26 Colo. 252 (58 Pac. 595); *Hanf v. Ass'n*, 76 Wis. 450 (45· N. W. 315); *Preuster v: Supreme Council*, 135 N. Y. 417 (32 N. E. 135).

Appellant contends that it has no application where the applicant is not of an insurable age and the policy or certificate· is issued thereon when, had the true age been stated, this would not have been done. Section 1813 may be set out:

3. AGE LIMIT:' waiver; forfeiture of certificate.

.In all cases where it shall appear that the age of the person insured has been misstated, in the proposal, declara-

tion or other instrument upon which any policy of life in-
surance has been founded or issued, then and in such case
the person or company issuing such policy shall, upon the
discovery of such misstatement, be permitted to demand and
collect the difference of premium, if any, which would be
due, with interest not to exceed six per cent. per annum, and
payable on account of the true age of the assured, from year
to year, according to the rates of premium of such person
or company upon which such policy was issued; or such
person or company so issuing the policy, may, after the
decease of the assured, deduct from the amount payable by
such policy the difference of premium, if any, with interest,
which would so have been payable from year to year, by
reason of any difference of age at the time of the issuance
of such policy; and no other defense or deduction by such
person or company issuing such policy shall be permitted,
after the death of the person assured, on account of such
misstatement of age of the assured, notwithstanding any
warranty of such statement of age by the terms of the policy
or otherwise, except when it be shown by the person or com-
pany insuring that the policy was procured by fraud in fact.

The language is general, and was evidently intended to
cover all cases where the association or company has the
power to insure the person to whom the policy or certificate
has been issued.

The answer contains no averment as to the contents of
the defendant's articles of incorporation. For all that ap-
pears these contained no limitation other than that of section
1789 of the Code prohibiting insurance by such societies of
any persons under fifteen or over sixty-five years of age.
There is no presumption that the articles of incorporation are
like the by-laws, save as this may arise to avoid inconsistency.
Anything done contrary to the by-laws of a society is not
necessarily *ultra vires,* for the by-laws may be waived and
the act performed strictly within the articles or the powers
conferred by statute. The authority of the officers of such a
society to waive its by-laws, even though relating to condi-
tions at the inception of the contract, has been sustained too

often to require citation of decisions in its support. In *Weiberg v. Ass'n,* 73 Minn. 297 (76 N. W. 37), the articles of association fixed the maximum insurable age at sixty-five years, but a by-law limited it to fifty-five years. The deceased had represented himself to be fifty-three years old when he had attained the age of fifty-seven years. Issue was joined as to the validity of the by-laws, but the court brushed this aside with the statement that this was immaterial, for, assuming its validity, receiving members within the age fixed by the articles, though prohibited by the by-laws, was *intra vires,* and it was competent for the association to waive the conditions of a mere by-law. That the by-laws related to the inception of the contract was held to make no difference. See, also, *Morrison v. Insurance Co.,* 59 Wis. 162 (18 N. W. 13); *Steele v. Fraternal Tribunes,* 215 Ill. 190 (74 N. E. 121, 106 Am. St Rep. 160), cited by appellant is not in point. There the articles (not the by-laws) limited the insurable age at between eighteen and fifty-one years. The deceased stated in his application that he was under fifty-one and stipulated that this should constitute a warranty. He was seven or eight years older, and the court held the insurance contract *ultra vires.* In *Sweet v. Citizens' Mut. Relief Soc.,* 78 Me. 541 (7 Atl. 394), the age limit was fixed in a by-law but the decision was put on the ground that the misstatement was a breach of the warranty of the truth of the applicant's answers. This must have been our conclusion but for the statute prohibiting forfeiture on such ground unless a fraud has been perpetrated.

Counsel for appellant suggests that no adjustment could be made such as contemplated by statute for the reason that the rate of assessment or premium for a person of the age

4. SAME: amount due on certificate; determination of. of fifty-seven years upon becoming a member is not provided for. There is nothing in the record save the bald allegation of the existence of this by-law so to indicate. Even if so it is to be assumed that such rate is provided for existing members, and, if more

was exacted from members fifty-seven years old than from those three years younger, the difference might be taken into account in determining the amount of indemnity to which the beneficiary is entitled.   We reach the conclusion that the contract was not *ultra vires,* and that, in the absence of fraud, the alleged misstatement of age was not a defense.— *Affirmed.*