## SOVEREIGN CAMP, W. O. W., v. RAY. (No. 846.)

(Court of Civil Appeals of Texas. Beaumont. May 8, 1924. Rehearing Denied May 28, 1924.)

1. **Pleading** 🔑9—**Plea stating facts showing waiver need not allege waiver.**

Where, in action on certificate for insurance, a plea stated all facts constituting waiver as to age and there was a prayer for general relief, it was sufficient, though there was no allegation that facts constituted waiver.

2. **Insurance** 🔑724(2)—**Certificate not invalid because agents misstated applicant's age.**

Certificate in fraternal benefit association is not invalid or void because association's representatives, acting within their authority in examining applicant, misstated his age after he had given it to them correctly and in good faith, though under constitution and by-laws applicant was too old to obtain a certificate.

3. **Insurance** 🔑724(1)—**Fraternal benefit association could waive requirement in constitution as to age.**

A fraternal benefit association could waive provision of its constitution and by-laws against admission of members over 52 years of age, if it had full knowledge of applicant's correct age at time it issued certificate.

4. **Insurance** 🔑724(1)—**Knowledge of deputy organizer and solicitor as to applicant's age knowledge of association.**

Knowledge of deputy organizer and solicitor for a fraternal benefit association as to age of one applying for membership was knowledge to the association.

5. **Insurance** 🔑819(2)—**Trial court might assume premium paid by one older than stated in application for membership authorized recovery for full amount of certificate.**

Trial court was authorized to assume that premium paid was such as to authorize recovery for full amount of certificate issued by fraternal benefit association; there being nothing in record requiring different finding by trial court, though insured was several years older than he purported to be in application for membership.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Suit by Mrs. Mollie Ray against the Sovereign Camp of Woodmen of the World. Judgment for plaintiff, and defendant appeals. Affirmed.

E. P. & Otis K. Hamblen, of Houston, for appellant.

Fred R. Switzer, of Houston, for appellee.

DAVIS, Special Judge. The appellee, Mrs. Mollie Ray, widow of Lige Ray, deceased, filed this suit in the county court at law No. 2 of Harris county, against the appellant, Sovereign Camp of the Woodmen of the World, seeking to recover on a beneficiary certificate in the sum of $500 issued by appellant in her favor on the life of said Lige Ray.

[1] Appellant answered by general demurrer, general denial, and then specially pleaded that the certificate was invalid and void for the reason that Lige Ray was not eligible to membership in appellant's order or society, for the reason that at the time he applied for membership, and at the time the certificate was issued, he was over the age at which persons were permitted to join appellant's order under its constitution and by-laws, and that his age was falsely and incorrectly stated in his application for membership, and that the certificate was issued upon the belief in the truth of the statement as to his age, and that appellant had no knowledge of the falsity or incorrectness of such statement. Appellee replied by supplemental petition, interposing a general demurrer, general denial, and specially pleaded both estoppel and waiver, notwithstanding appellant's contention that there was no plea of waiver by appellee. We say that there was a plea of waiver, because all the facts constituting a waiver by appellant were stated, and this being true, and there being a prayer for general relief by appellee, it was unnecessary that the pleader should say that these facts constituted a waiver. In other words, the mere failure on the part of the pleader, after stating the facts showing a waiver, to state by way of conclusion that they constituted a waiver by appellant was unnecessary, and the court was authorized, under the pleading of appellant, to find that there was a waiver by appellant, as pleaded by appellee.

. The case was tried before the court without a jury, and resulted in a judgment in favor of appellee for the full amount of the certificate as prayed for by her, with legal interest thereon from the time payment thereof was refused after due and proper demand.

There are several assignments of error presented in appellant's brief challenging the judgment of the trial court, but, in substance, they all relate to the refusal of the trial court to sustain appellant's contention that the beneficiary certificate issued to Lige Ray was invalid or void on the ground as pleaded by appellant. There is no necessity for taking up the assignments in their numerical order, but what we shall say will, in effect, dispose of them all.

The substance of the contention, as made by all the assignments, is that the court erred in rendering judgment for the appellee in any amount, because the constitution and by-laws of appellant, which were a part of the contract, provided that the certificate should be null and void and forfeited if the statements in the application for membership should be in any respect untrue, and that in Lige Ray's application for membership the statement as to his age was untrue.

The trial court was requested by appellant to file findings of fact and conclusions of law, which he did, and the case is before us on such findings and conclusions, without a statement of facts in the record. Appellant, however, has not challenged any finding of fact made by the trial judge, but only challenges his legal conclusions upon such facts. The findings of fact are rather voluminous, much more so than was necessary, and therefore we shall not copy them in this opinion, but such statements of fact as we shall make in this opinion are taken from the court's findings.

Appellant's constitution and by-laws provided that no person over the age of 52 years was eligible to membership in its order. Its constitution and by-laws also provided that no officer or agent of appellant should have the right to waive any of the provisions of its constitution and by-laws. In the certificate issued to Lige Ray, the deceased, it was stated that the constitution and by-laws of appellant were a part of the contract between the parties, and the certificate stated that it was issued in consideration of the recitations, warranties, and agreements made by Ray in his application to become a member of appellant's order.

Section 66 of the constitution and by-laws of appellant provides:

"If the statements and declarations in his application for membership should be in any respect untrue, the certificate shall be null and void and of no effect, and all moneys which shall have been paid and all rights and benefits which have accrued on account of his certificate shall be absolutely forfeited without notice or service."

The court found as a fact that Lige Ray, at the time the certificate was issued to him, was 52 years 8 months and 29 days of age. The application for the certificate stated that Lige Ray was 50 years of age. The trial court found as a fact, however, that Lige Ray made a true and correct statement of his age to appellant's agents, who took his application for membership, and that Ray's age was incorrectly stated in the application by appellant's own agents, and that Lige Ray never knew that appellant's agents had misstated his age in the application. Ray's application for membership in appellant's order was solicited by appellant's deputy organizer and representative, W. T. O'Brien, who was duly authorized to solicit members in appellant's order and write their applications. O'Brien went to Ray's home and solicited him to become a member in appellant's order, and, among other things, asked

Ray his age, and Ray told him his correct age, but O'Brien, as the duly authorized representative and agent of appellant, in writing Ray's age in the application stated that Ray was only 50 years of age. Afterwards appellant's medical examiner, Dr. J. F. Matthews, examined Ray under his authority to do so from appellant, and in his medical certificate he stated that Ray was 50 years of age. As a matter of fact, Ray told Dr. Matthews at the time his true age, and did not know that Dr. Matthews was letting his certificate show that Ray was only 50 years of age. In other words, the court found, and the facts are, that in his application to both O'Brien and appellant's medical examiner, Dr. Matthews, Lige Ray stated his true and correct age, and those representatives of appellant incorrectly, at least, stated Ray's age. From the date of the issuance of the certificate and up to the time of Ray's death all dues and assessments as a member of appellant's order had been paid by him, and he was in good standing, and payment of the certificate in question was refused on the lone ground that there was a misstatement of Ray's age in his application for membership.

Appellant, in support of its contention that the certificate was invalid and void, cites the case of Supreme Lodge v. Payne, 101 Tex. 449, 108 S. W. 1160, 15 L. R. A. (N. S.) 1277, and this is the only Texas case cited by appellant in support of its contention. In that case our Supreme Court, speaking through Judge Brown, held that a certificate issued by a fraternal order was void because Mrs Payne, to whom the certificate was issued, warranted expressly that all statements made by her in her application for the certificate, as well as all statements made by the examining physician who took her application, were true, whereas, in fact, a material statement in the application in that case as to Mrs. Payne's physical condition at the time was untrue as the same appeared in the medical examiner's report, and therefore, Mrs. Payne being bound by her express warranty, the beneficiary after her death was not permitted to recover. The facts of that case are clearly different from the facts in this. There is no warranty by Lige Ray in his application in this case to the effect that statements contained in his application, which were written in there by appellant's duly authorized agents, O'Brien and Dr. Matthews, were correctly made by them. Therefore that case does not sustain appellant's contention here.

As said by our Supreme Court in Equitable Life Insurance Co. v. Hazlewood, 75 Tex. 347, 12 S. W. 623 (7 L. R. A. 217, 16 Am. St. Rep. 893):

"In the case before us the agreement of the insured was that his answers made or to be made to the medical examiner were warranted to be true. He did not warrant that his answers would be written down correctly by the medical examiner, or that the answers given by him would be correctly reported to the company.

"While the doctrine of warranty will be strictly applied, it should be as strictly limited to the precise undertaking of the party making it. If beyond requiring that the insured should warrant the truth of all answers given by him, the company intended, as it had the right to do, that he should also warrant that his answers should be correctly written down and reported, and that he would warrant them not only as given by himself but as written down, the agreement could have been made to so express, and it ought to have been done."

[2] It is pointed out by Judge Brown in the Payne Case, supra, that there is a clear distinction between the contract in that case and that which was construed in the Hazlewood Case just cited. The Hazlewood Case has application here, and we hold that the certificate issued to Lige Ray was not invalid or void because appellant's representatives, acting within their authority for appellant, misstated Ray's age, after he had given it to them correctly and in good faith, and we overrule appellant's contention on this point.

Appellant also contends, in effect, that the certificate of Lige Ray was void because beyond the power and authority of appellant, under its constitution and by-laws, to issue the same to him; he being beyond the eligible age for membership in appellant's order.

As we have stated, there is no statement of facts in this record, and there is no finding by the trial court that appellant's articles of incorporation or charter prohibited the issuance of a certificate of membership to one over the age of 52 years. Indeed, the trial court expressly finds that there was no evidence before it that appellant's charter or articles of incorporation prohibited the issuance of a certificate to persons over the age of 52 years. Unless appellant's articles of incorporation prohibited the issuance of the certificate in question to Lige Ray because of his age, it was not beyond the power and authority of appellant to do so, unless prohibited by the law of this state. There is no statute in this state that prohibited the issuance of the certificate in question to Lige Ray by appellant. The qualification for membership in a fraternal benefit society in this state as to age is prescribed by article 4833, Revised Statutes. Under that article, any such society may admit to beneficial membership any person not less than 16 nor more than 65 years of age. It is clear that this statute did not prohibit the issuance of the certificate in question. Therefore, there being no showing in this record that it was beyond the power of appellant, under its articles of incorporation or charter, to issue a certificate to Ray, and there being no law of this state prohibiting the issuance

of the certificate, it was permissible for appellant to issue the certificate, or, at least, not ultra vires, and any provision as to eligibility of persons contained in its constitution and by-laws might be waived by appellant. As said by the Supreme Court of Massachusetts in Timberlake v. Supreme Commandery, 208 Mass. 411, 94 N. E. 685, 36 L. R. A. (N. S.) 597:

"The corporation itself [a mutual benefit society] could waive the compliance by an intended member with any of its requirements not prescribed by its charter or the law of the state, for his admission to membership and the conclusion of a binding contract of insurance."

In the case of Krause v. Modern Woodmen of America, 133 Iowa, 203, 110 N. W. 452, it was stated by the applicant for insurance that he was between 44 and 45 years of age, while as a matter of fact he was then 47 years of age. The statute of the state in that instance provided that membership in such a society was limited to persons not under 15 and not over 65 years of age. Under the by-laws and constitution of the defendant in that case, no one could be admitted after attaining the age of 45 years. The charter of the defendant, however, was not offered in evidence on the trial. Among other things, the court, speaking to the point, said:

"There is no presumption that the articles of incorporation are like the by-laws, save as this may arise to avoid inconsistency. Anything done contrary to the by-laws of a society is not necessarily ultra vires, for the by-laws may be waived and the act performed strictly within the articles or the powers conferred by statute."

Again, citing Wiberg v. Ass'n, 73 Minn. 297, 76 N. W. 37, the Supreme Court of Minnesota, among other things, used this language:

"The authority of the officers of such a society to waive its by-laws, even though relating to conditions at the inception of the contract, has been sustained too often to require citation of decisions in its support."

[3, 4] We have no doubt that the issuance of the certificate in question was not void on the ground that it was prohibited by appellant's constitution and by-laws, and appellant not having shown that its issuance was beyond its authority under its charter, and there being no law in this state forbidding its issuance, it was not void, and appellant could waive the provisions of its constitution and by-laws as to Ray's age, if it had full knowledge of his correct age at the time it issued the certificate, and the court, in effect, so held. That appellant had full knowledge of Ray's true age at the time the certificate was issued, according to the court's findings of fact, there can be no doubt. As we have stated, the deputy organizer and solicitor, O'Brien, was appellant's authorized agent to solicit and write applications for membership in its order, and certainly, under all authorities, knowledge to him as appellant's agent of Ray's true age was knowledge to appellant. This is a rule of principal and agent that cannot be disputed, and has full application in this case. Sov. Camp, W. O. W., v. Putnam (Tex. Civ. App.) 206 S. W. 970; Sov. Camp, W. O. W., v. Newsom, 142 Ark. 132, 219 S. W. 759, 14 A. L. R. 903. See, also, Gray v. Stone, 102 Ark. 146, 143 S. W. 115; American Life Ins. Co. v. Mahone, 21 Wall. 152, 22 L. Ed. 593; Homesteader v. Stapp (Tex. Civ. App) 205 S. W. 43.

[5] By its third assignment of error appellant contends that the trial court erred in rendering judgment in favor of the appellee for the full amount of the certificate, because it was part of the contract of insurance that, if the applicant's age was misstated, then he should be entitled only to the amount of insurance as the rate paid by him would have purchased at his correct age. This assignment is submitted as a proposition by appellant.

Section 56 of the by-laws provides:

"If the applicant misstates his age, * * * then the benefits payable under the certificate shall be such an amount as the rate paid by the applicant would have purchased at his correct age."

We dispose of this assignment by saying that appellant offered no proof of any character showing what the rate of premium ought to have been or that it would have been any different than that which was paid by Ray for the certificate in question, and in the absence of any such proof the trial court was authorized to assume that the premium paid by him was such as to authorize recovery for the full amount of the certificate; there being nothing in this record requiring a different finding by the trial court.

In the case of Lincoln, etc., v. Smith, 134 Ark. 245, 203 S. W. 698, there was a provision of the policy there in question reading as follows:

"If the age of the insured has been misstated the amount payable hereunder shall be such as the premium paid would have purchased at the correct age, provided the age at the time insured is not over 60."

In the application in that case the insured stated his age to be 53 years, and the proof was that his true age was 59 years. It was proved by the insurance company that according to its rules the age of 55 years was the limit for that kind of policy. It was assumed by the court in that case as an uncontroverted fact that there was no rate on such policies for persons over 55 years of age, and the appellate court affirmed the judgment of the trial court allowing recovery for the full

amount of the policy. Among other things, the appellate court said:

"In such case, it devolved upon the insurer, to obtain any advantage under this stipulation, to show that a smaller sum was purchasable by the premium paid; otherwise it would be liable for the full amount of the policy."

What we have said, in effect, disposes of all contentions made by appellant, and it follows that it is our opinion that the judgment of the trial court should be affirmed; and it has been so ordered.