# JOHN JOHNSON v. RETAIL MERCHANTS MUTUAL FIRE INSURANCE COMPANY.[1]

November 18, 1910.

Nos. 16,822—(212).

**Insurance — waiver of by-law by mutual company.**

Mutual fire insurance companies have the power to waive a by-law which provides that failure of a member to pay the premium within sixty days from the date of the policy shall void the same without further notice or act on behalf of the company.

**Same — evidence.**

The indorsement on the policy by the company of a gasolene permit and the sending out of a statement of the premium due, together with a letter demanding immediate settlement, did not necessarily constitute a waiver of the default occasioned by the nonpayment of the premium.

**Same — waiver of default in payment.**

The findings of fact justify the conclusion that there was not a waiver of the default.

[1]Reported in 128 N. W. 462.

Action in the district court for Clay county to recover $3,000 upon a fire insurance policy. The facts are stated in the opinion. The case was tried before Baxter, J., who made findings of fact and found that defendant was entitled to judgment. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Nye & Dosland,* for appellant.

*Freeman P. Lane,* for respondent.

LEWIS, J.

Action upon fire insurance policy of $3,000 upon appellant's stock of goods. Defense, that appellant failed to pay the premium when due, and that the policy was void at the time of the fire. The reply alleged that appellant had paid $10.12 to apply upon the premium, leaving a balance of $57.38, which appellant had at all times been ready and willing to pay, and that respondent had waived its right to claim that the policy was void for nonpayment of the premium.

The undisputed facts are: That the policy was duly issued and delivered to appellant on March 31, 1909, at which time the premium became due. On June 25 respondent duly issued and delivered to appellant a permit for the use of gasolene. "That on or about the first day of August, 1909, the said defendant company duly caused to be made and mailed to said plaintiff, at his place of residence at Averill, Minnesota, a statement in words and figures, to wit:

"Retail Merchants Mutual Fire Insurance Company,
"Minneapolis, Minn., Aug. 1, 1909.
"Mr. Johnson, Dr.
"Averill, Minn.

"Make remittance payable to J. H. Tenvoorde, Secretary.

| Date. | Memorandum. | Policy No. | |
| --- | --- | --- | --- |
| 1909 | Commission. | 28405 | $67.50 |
| Mar. 31 | Bal. due | 26040 | 10.12—$57.38 |

which said statement was duly received by plaintiff in due course of

mail. * * *" That accompanying said statement was a letter written by the secretary of said defendant company, which letter is in words and figures, to wit:

"August 2, 1909.

"Mr. John Johnson,
    "Averill, Minn.
"Dear Sir:
"We are inclosing herewith statement for premium due on policy issued under date of March 31, 1909.

"This has been running four months. We are willing to accommodate our policy holders to the extreme limit, but four months is longer than a bill of this nature should run. Won't you kindly favor us with a remittance? We must close the account in some way.

"Trusting to hear from you by return mail, we remain,
                    "Yours truly,
    "Retail Merchants Mutual Fire Insurance Company,
                    "J. H. Tenvoorde,
                        "Secretary."

The property was destroyed by fire on August 10, 1909. No payment of premium was made by appellant prior to the fire, and no tender thereof was ever made until August 20, 1909, when the balance was offered and refused. Proofs of loss were duly made and served on appellant before the commencement of this action. The court below held that the $10.12 paid March 31 was not a payment on account of the policy premium, but was a credit given to appellant in lieu of a dividend earned on the premium of a policy previously issued, which expired on the thirty-first day of March, 1909, and that the policy was void for nonpayment of the premium.

Section 1629, R. L. 1905, reads: "Any mutual company insuring property may provide by its certificate or by-laws upon failure by any member for sixty days after notification thereof to pay any premium or assessment made upon his policy, such policy shall lapse and become void without notice or further act by or on behalf of the company. Such condition shall be plainly and legibly specified

in each policy.    Whereupon such company may recover the amount of earned premium or assessment, or both, but no more.    Nothing herein contained shall prevent the reinstatement of such lapsed policy by voluntary acceptance of any delinquent assessment before suit."

Section 2 of article 5 of the by-laws reads: "Premium on policy issued is due on date policy goes into effect and delivery of policy constitutes notice of premium being due at that time.    Failure of a member to pay premium within sixty days from date of policy shall void policy without further notice or act on behalf of the company."

The amount which the insured should have paid March 31, at the time the policy was delivered to him, was $57.38.    This he had not paid at the expiration of sixty days from that date, and hence, under the statute and by-laws of the company, the policy lapsed and became void on May 31, 1909, without any other act or notice on the part of the company.    Did the subsequent conduct of the company in attaching a gasolene permit on the twenty-sixth day of June following, and in submitting a statement and demanding settlement on August 2, constitute a waiver and have the effect of reinstating the policy?

The exact question here presented has not, to our knowledge, been before this court, but certain general propositions concerning the waiver of similar contract provisions have become pretty well settled. Generally speaking, where an insurance company or fraternal association varies the terms of the contract by accepting premiums or assessments after they become due, it thereby waives the strict enforcement of the contract.    In most cases such variation had been continued long enough to amount to a custom, as in Mueller v. Grand Grove, U. A. O. D., 69 Minn. 236, 72 N. W. 48, and Leland v. Modern Samaritans, 111 Minn. 207, 126 N. W. 728.    But any provision in a by-law may be waived by the company, provided such act is not ultra vires.    For instance, in Wiberg v. Minnesota Scandinavian Relief Association, 73 Minn. 297, 76 N. W. 37, the by-law fixed an age limit of fifty-five years, but the articles of the association made it sixty-five years.    It was held that the association had power to waive the provision of the by-law limiting the age to fifty-five

years as to a member who had falsely represented that he was fifty-seven years old.

The first part of the statute does not constitute an absolute, positive enactment defining the duties of mutual insurance companies. It does not declare that policies shall become void at the expiration of sixty days in all cases when the by-laws so provide. It is merely a permissive statute, enabling such companies to adopt such a by-law, if they see fit, and is only a grant of power which they already possessed. The latter portion of the section, however, directly declares that mutual companies may recover, where the premium is not paid, the amount thereof which was earned, but no more, and that the policy shall be reinstated if the company voluntarily accepts the amount of the premium before suit is brought to recover it. Therefore, so far as the statute is concerned, there was no intention to deprive mutual fire insurance companies of the power to waive the effect of nonpayment of premiums.

The question presented on this appeal is not whether the evidence would have justified the trial court in finding that there was a waiver, but whether a waiver is the only justifiable conclusion. Had respondent complied with appellant's demand of August 2, and remitted the amount of the premium within a day or two, a much clearer case of waiver would have been made out; but no answer was made to the urgent appeal for immediate settlement, and it is by no means certain that appellant had not abandoned all intention of making such payment. Nor can it be said with certainty that respondent intended to offer the policy holder any further leniency than such time as was necessary to make a remittance by return mail.

Our conclusion is that whether there was a waiver was a question of fact, and that it does not conclusively appear from the specific facts as found by the court that there was a waiver, and the judgment is affirmed.

O'Brien, J. (dissenting).

I am unable to concur. Defendant issued its policy upon the condition that if the premium was not paid within sixty days the policy would lapse without any affirmative act upon the part of the

company.   It is held in the foregoing opinion that this provision was one which the defendant might waive.   The trial court found the specific acts of each party, and found, further, as a conclusion of law, that plaintiff was not entitled to recover, which amounted to an inference or conclusion drawn from the specific facts that defendant had not waived the provision of the by-law referred to. If the conduct of defendant was such that plaintiff would be justified in believing the sixty-day clause waived, the defendant should be held to have done so.

The situation on August 1 was this: Defendant, by treating the policy as still in force after the expiration of sixty days from its date, had waived and entirely abrogated the clause providing for its lapsing automatically upon the termination of the period, and the policy must be held to have been one issued upon credit, and which remained in force until the defendant exercised its right to cancel it by affirmative action.   This the defendant had a right to do at any time.   Instead of doing so, however, it demanded payment of the premium.   The letter accompanying the demand says: "We must close the account in some way."   And while the letter contained a request for an answer by return mail, there was no statement that for a failure upon the part of the plaintiff to comply the policy would be canceled.

In my judgment, therefore, the sixty-day provision having been eliminated, the policy was in force until canceled by the affirmative act of one of the parties.